IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JOHNQUES LUPOE,** : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:16-CV-0064-MTT-MSH |
| VS. : | |
| : | |
| **GEO GROUP INC, et al,** : | |
| : | |
| Defendants. : | |

## ORDER

This case is currently before the Court on preliminary review of Plaintiff Johnques Lupoe's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. At the time the Complaint was filed, Plaintiff was an inmate confined at Riverbend Correctional Facility in Milledgeville, Georgia, and it appears that he is still confined there. Because Plaintiff is a prisoner "seeking redress from an "officer or employee of a governmental entity," the district court is required to screen his complaint prior to service. *See* 28 U.S.C. § 1915A(a). The Court has now conducted the required review of Plaintiff's Complaint (ECF No. 1) and finds it to be frivolous. His Complaint is **DISMISSED** pursuant to § 1915A(b)(1). Leave to Proceed *in forma pauperis* is **GRANTED** for the purpose of dismissal.

I.   **Standard of Review**

When screening a *pro se* prisoner's complaint under § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d

1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, is simply frivolous. *See* 28 U.S.C. § 1915A(b). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

## II.     Plaintiff's Complaint

The Court has now reviewed Plaintiff's pleadings under §1915A(a), and it is plain on the face of the Complaint that Plaintiff's claims are frivolous. Plaintiff alleges that he has filed "UCC financing statements" perfecting a legal interest in his name, i.e., "title of Johnques Lupoe©," and he seeks to recover damages from Defendants based on their unlawful use of his "property."

The Court finds that Plaintiff's allegations, at best, fail to state any federal claim against Defendants; at worst, Plaintiff's allegations show that he has filed a fraudulent financing statement for which civil penalties could be imposed. *See Gibson v. Crist*, No. 307CV274, 2007 WL 2257522, at *1 (N.D. Fla. Aug. 6, 2007). Plaintiff's claims are not novel, however. Claims similar to those brought by Plaintiff are consistently rejected by federal courts as frivolous. *See e.g., id; Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792, 2013 WL 1281776, at *5 (N.D.Ala. Mar. 27, 2013); *Linge v. State of*

*Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014). This Court likewise finds neither any validity to Plaintiff's claims nor any merit to his legal theory. The Court further notes that the abusive practice of filing baseless UCC financial statements is a method often used by prisoners to harass state officials involved in their incarceration – and thus may also evidence bad faith and an abuse of the judicial process. *See Moultrie v. Sec'y, Dep't of Corr.*, No. 8:09-CV-2255, 2010 WL 555559, at *1 (M.D. Fla. Feb. 10, 2010).

Because the Court finds Plaintiff's claims frivolous, his Complaint is hereby **DISMISSED** pursuant to § 1915A(b)(1).

**SO ORDERED** this 29th day of February, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT